UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP ANGUS, *et al.*,

      Plaintiffs,

v.

FLAGSTAR BANK, FSB,

      Defendant.

Case No. 21-cv-10657
Hon. Matthew F. Leitman

_____/

### ORDER (1) GRANTING PLAINTIFFS' MOTION TO SUPPLEMENT OBJECTION TO MAGISTRATE JUDGE'S ORDER (ECF No. 50) AND (2) OVERRULING PLAINTIFFS' OBJECTION TO ORDER (ECF No. 47)

In this action, Plaintiffs bring putative class claims against Defendant Flagstar Bank, FSB arising out of a data breach of Flagstar's file sharing platform. (*See* Compl., ECF No. 1.)  Several other similar putative class actions have been filed in this Court and others, including one case filed by Grace Beyer in the United States District Court for the Northern District of California. *See Beyer v. Flagstar Bancorp., Inc.*, N.D. Cal. Case No. 21-02239.  Following a facilitation, the parties in *Beyer* reached an agreement on a nationwide class settlement that could potentially resolve Plaintiffs' claims here.  A motion for preliminary approval of that settlement is now pending in the *Beyer* litigation.

1

On July 28, 2021, Flagstar moved to stay this action pending the outcome of

the settlement proceedings in *Beyer*. (*See* Mot., ECF No. 30.)  Flagstar argued,

among other things, that a stay was appropriate because "the nationwide class action

settlement reached in *Beyer* [would], upon final court approval, resolve all of

Plaintiffs' class claims" in this case. (*Id.*, PageID.383-384.)  Plaintiffs oppose the

settlement reached in *Beyer* and opposed Flagstar's motion for a stay in this case.

(*See* Pla.s' Resp. Br., ECF No. 34.)

Flagstar's motion was referred to the assigned Magistrate Judge.   On

September 21, 2021, the Magistrate Judge granted the motion and stayed all

proceedings in this case (the "Stay Order"). (*See* Stay Order, ECF No. 46.)  The

Magistrate Judge first explained that "[t]o assess whether a stay of proceedings is

warranted where a nationwide class settlement has been reached in another

jurisdiction, courts in the Sixth Circuit balance three considerations: (1) the judicial

resources that would be saved by avoiding duplicative litigation; (2) hardship and

inequity to the moving party if the action is not stayed; and (3) potential prejudice

to the non-moving party." (*Id.*, PageID.711; internal citation omitted).   The

Magistrate Judge then carefully considered and balanced these factors. (*See id.*,

PageID.711-715.)  He ultimately concluded that "even if the *Angus* plaintiffs could

articulate prejudice from a stay, such prejudice is far outweighed by the judicial

resources and attorney time that would be needlessly expended if the litigation here continued pending approval of the settlement in *Beyer*." (*Id.*, PageID.713.)

Plaintiffs filed objections to the Stay Order on October 5, 2021. (*See* Objections, ECF No. 47.[1]) In the objections, Plaintiffs insist that the facts here "do not warrant an indefinite stay of this case." (*Id.*, PageID.730.) The Court has carefully reviewed the objections, and for the reasons explained below, it **OVERRULES** them.

## I

"Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal quotation marks and citation omitted). "A factual finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal punctuation omitted). An "order is 'contrary to the law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal quotation marks and citation omitted).

---

[1] On January 6, 2022, Plaintiffs filed a motion to supplement their objections with materials and transcripts from both this action and the *Beyer* case. (*See* Mot., ECF No. 50.) That motion is **GRANTED**.

When the Court reviews the Stay Order here, it must first determine whether the Magistrate Judge identified the right legal framework under which to review Flagstar's motion.  That "is a legal question" that the Court is "required to review *de novo*." *Id.* (holding that whether Magistrate Judge properly identified the factors in *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015) with respect to motion for sanctions under Federal Rule of Civil Procedure 37(c) was a "legal question" that a district court should review "*de novo*").

Next, if the Court concludes that the Magistrate Judge identified the correct legal framework, it reviews his application of that framework under an abuse of discretion standard. *See id.* at 220-221 (holding that district court erred when it reviewed, *"*anew,*"* application of *Howe* factors).  As the Sixth Circuit explained *Bisig*, where, as here, a Magistrate Judge's determination "is neither a pure legal conclusion nor a pure factual finding," and instead requires the Magistrate Judge to "to *apply* facts to a legal standard," then that determination is "is best characterized as a mixed question of law and fact." *Id.* at 221 (emphasis in original; internal citation omitted).  "For mixed questions of law and fact, § 636(b)(1)(A) invokes a sliding scale of review in which 'clear error' and 'contrary to law' represent the outer bounds." *Id.* (internal punctuation omitted).  "The more fact-intensive the question, the more deferential the level of review. The more law intensive the question, the less deferential the review." *Id.*  The "abuse of direction standard," which falls

"somewhere in between the outer bounds of [the] 'sliding scale of review,' accommodates the mixed legal and factual nature" of the Magistrate Judge's determination here. *Id. See also Coyle v. Hornell Brewing Co.*, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (applying "abuse of discretion" standard to objection to Magistrate Judge's order denying stay).

## II

The Court first concludes that the Magistrate Judge identified the correct legal framework to apply to Flagstar's motion for a stay of proceedings.  As described above, in the Stay Order, the Magistrate Judge highlighted several factors that he needed to consider when evaluating Flagstar's motion in light of the proposed settlement in *Beyer*, including "the judicial resources that would be saved" through a stay, the "hardship and inequity" to Flagstar if a stay was denied, and the "potential prejudice" to Plaintiffs if a stay was issued. (Order, ECF No. 46, PageID.711.)  That was the correct legal standard to apply to Flagstar's motion for stay. *See*, *e.g.*, *Kallay v. Tween Brands, Inc.*, 2015 WL 13186225, at *1 (S.D. Ohio Oct. 29, 2015) (collecting cases and describing factors to be applied when considering motion for stay in light of potential class-wide settlement in related litigation).

The Magistrate Judge then did not abuse his discretion when he applied the facts that exist here to the legal framework identified above and concluded that "[c]onsideration of the relevant factors weigh[ed] in favor of granting a stay in this

case." (Order, ECF No. 26, PageID.711.)  The Magistrate Judge's review was both thoughtful and deliberate.  It accounted for both the potential prejudice to Flagstar in having to spend substantial resources defending this action even though "[n]one of that effort would be needed […] if the *Beyer* court approves the proposed settlement in that case," and the potential prejudice to Plaintiffs in having to wait to potentially pursue their claims here. (*Id.*, PageID.712-714.)   Simply put, the Magistrate Judge carefully considered the relevant facts, and his decision to grant a stay was not an abuse of discretion.

None of the arguments presented by Plaintiffs in their objections persuade the Court otherwise.   Most importantly, most of Plaintiffs' objections read like arguments a party would present to this Court if it were exercising its discretion in the first instance rather than reviewing the Magistrate Judge's exercise of his discretion.  For example, while Plaintiffs repeatedly invite this Court to examine the fairness of the *Beyer* settlement process (*see* Objections, ECF No. 47, PageID.719-724), Plaintiffs have not responded to the Magistrate Judge's conclusion that "allowing the [*Beyer* settlement] process to play out is unlikely to cause any meaningful prejudice to [Plaintiffs]" because Plaintiffs could seek to intervene in *Beyer* and present their arguments and objections to that court. (Order, ECF No. 46, PageID. 712 and n.5.)  And, indeed, it appears Plaintiffs have sought to do just that. (*See* Mot. to Intervene, *Beyer*, N.D. Cal. Case No. 21-cv-02239 at Dkt. 62.)

Likewise, Plaintiffs have not shown how the Magistrate Judge abused his discretion when he concluded that "[t]he burden to the Court and the parties of briefing a complex motion to dismiss in this district, while the *Beyer* case is on track to be resolved in the Northern District of California, far outweighs any claimed prejudice to the [P]laintiffs of a brief stay pending approval of the settlement." (Order, ECF No. 46, PageID.714.)  Plaintiffs have therefore not shown how the Magistrate Judge abused his discretion in granting a stay here.

III

For all of the reasons explained above, the Court concludes that the Magistrate Judge identified the correct legal standard to Flagstar's motion for a stay and did not abuse his discretion when he applied the facts that exist here to that framework. Plaintiffs' objections (ECF No. 47) to the Stay Order are therefore **OVERRULED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2022


I hereby certify that a copy of the foregoing  document was served upon the parties and/or counsel of record on March 31, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

7