UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP ANGUS, *et al.*,

    Plaintiffs,

v.

FLAGSTAR BANK, FSB,

    Defendant.

Case No. 21-cv-10657
Hon. Matthew F. Leitman

_____/

**<u>ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT DUE TO LACK OF ARTICLE III STANDING AND (2) DENYING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE IN ALL OTHER RESPECTS</u>**

In this action, Plaintiffs bring putative class claims against Defendant Flagstar Bank, FSB arising out of a data breach of Flagstar's file sharing platform. (*See* Compl., ECF No. 1; Third Am. Compl., ECF No. 69.) Flagstar moved to dismiss Plaintiffs' claims on October 30, 2023. (*See* Mot. to Dismiss, ECF No. 79.[1]) In that motion, Flagstar argued that (1) Plaintiffs' lacked Article III standing to pursue their claims for damages and for injunctive relief and (2) Plaintiffs' claims failed on the merits. (*See id.*) The Court held a hearing on Flagstar's motion on April 18, 2024.

---

[1] Flagstar also filed a motion to file an oversized brief in support of their motion to dismiss. (*See* Mot., ECF No. 73.) That motion is **GRANTED**.

1

For the reasons explained on the record during the motion hearing, **IT IS HEREBY ORDERED** as follows:

- Flagstar's motion to dismiss Plaintiffs' claim for damages based on a lack of Article III standing is **DENIED**;

- Flagstar's motion to dismiss Plaintiffs' claim for injunctive relief based on a lack of Article III standing is **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs may pursue injunctive relief to remedy Flagstar's alleged failure to (1) encrypt Plaintiffs' personal identifiable information and (2) delete Plaintiffs' personal identifiable information after Flagstar no longer had a legal obligation and/or need to maintain that information.  Plaintiffs lack Article III standing to pursue, and may not seek, injunctive relief on any other basis because, among other things, they do not allege that Flagstar's current handling of their personal identifiable information is deficient in any other manner.

- The remainder of Flagstar's motion – seeking dismissal of Plaintiffs' claims on the merits – is **DENIED WITHOUT PREJUDICE**.

As further discussed on the record, Plaintiffs shall file a Fourth Amended Consolidated Class Action Complaint by no later than **May 13, 2024**.  The Court **will not** allow Plaintiffs another opportunity to amend to add factual allegations that they could now include in their Fourth Amended Complaint.

Following the filing of Plaintiffs' Fourth Amended Complaint, the parties shall engage in a 60-day period of discovery strictly limited to issues related to choice of law. At the conclusion of this limited discovery period, Flagstar shall have 30 days to renew its motion to dismiss. In addition to any other arguments Flagstar wishes to make in that motion, Flagstar shall address (1) the issue of choice of law for Plaintiffs' common law claims, (2) whether Plaintiffs must allege a "present physical injury" in order to state a viable negligence claim, (3) whether the applicable Statute of Frauds applies to the implied-in-fact contract that Plaintiffs' say was formed here, and (4) whether the alleged implied-in-fact contract falls within the Statute of Frauds in light of the federal regulations concerning retention of personal identifiable information.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 19, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 19, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126