**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PHILIP ANGUS, et al.,

      Plaintiffs,

vs.

FLAGSTAR BANK, FSB, et al.,

      Defendants.

Case No. 21-cv-10657
Hon. Matthew F. Leitman

---

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND TO DIRECT NOTICE OF PROPOSED SETTLEMENT TO THE CLASS**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and to Direct Notice of Proposed Settlement to the Class (the "Motion") (ECF No. 113). The Parties propose a Settlement[1] of this Action in accordance with a Settlement Agreement and Release dated October 1, 2025 (the "Settlement Agreement" or "Agreement"), which, together with the Exhibits to the Motion, sets forth the terms and conditions for a proposed Settlement of this Action. Having fully considered the issues, and for the reasons set forth in the Motion and

---

[1] All capitalized terms herein have the same definitions as set forth in the Settlement Agreement.

stated on the record at the preliminary approval hearing held on February 20, 2026, the Court hereby GRANTS the Motion and orders as follows:

1.      **<u>Jurisdiction</u>**. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

2.      **<u>Giving Notice of the Settlement to the Class is Justified</u>**. Pursuant to Federal Rules of Civil Procedure 23(e)(1)(A), the Court finds that it has sufficient information to enable it to determine whether to direct notice of the proposed Settlement to the Settlement Class.

3.      The Court finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the proposed Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute

this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

4.      The Court thus finds that it will likely be able to certify the following class for Settlement purposes only:

Settlement Class: All persons in the United States whose personally identifying information ("PII") was impacted by either or both of the two Data Breaches Flagstar experienced in 2021, as reflected in the Class List.

5.      This Settlement Class includes (i) a Nationwide Settlement Class, representing approximately 2,187,170 individuals impacted by the Data Breaches and (ii) a California Settlement Class, representing approximately 364,000 California Settlement Class members.[2]

6.      **Settlement Class Representatives**. The Court finds that proposed Settlement Class Representatives will likely satisfy the requirements of Rule 23(e)(2)(A) and for settlement purposes they are appointed as Settlement Class Representatives.

---

[2] Excluded from the Settlement Class are: (i) Flagstar, any entity in which Flagstar has a controlling interest, and Flagstar's officers, directors, legal representatives, Successors, Subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement Class.

7.      **Class Counsel**. The Court finds that Proposed Class Counsel, John A. Yanchunis of Morgan & Morgan Complex Litigation Group and Norman E. Siegel of Stueve Siegel Hanson LLP are experienced and will likely satisfy the requirements of Rule 23(e)(2)(A) and for settlement purposes they are appointed as Class Counsel pursuant to Rule 23(g)(1).

8.      **Preliminary Settlement Approval**. Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class, taking into account all of the risks, expense, and delay of continued litigation; is the result of good faith and arm's length negotiations that took place under the auspices of a prominent mediator; is not otherwise deficient; otherwise meets the criteria for approval; and accordingly it is preliminarily approved.

9.      In making this determination, the Court has considered the benefits to the Settlement Class, the specific risks faced by the Settlement Class in prevailing on Plaintiffs' claims, the stage of the proceedings at which the Settlement was reached, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

10.   **<u>Final Approval Hearing</u>**. A Final Approval Hearing shall be held by this Court on **October 1, 2026, at 9:30 a.m.** via videoconference, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application for Service Awards should be approved. Any other matters the Court deems necessary and appropriate will also be heard.

11.   **<u>Settlement Administrator</u>**. The Court appoints Eisner Advisory Group LLC as the Settlement Administrator to administer the Notice Plan and the processing of claims. The Court directs the Settlement Administrator to perform all tasks the Settlement Agreement reasonably requires in effectuating the Notice Plan and processing claims in coordination with counsel for the Parties and subject to the jurisdiction and oversight of this Court. The Settlement Administrator's fees will be paid out of the Settlement Fund pursuant to the Settlement Agreement.

12. **<u>Notice Plan</u>**. The proposed method for providing notice set forth in the Settlement Agreement and the Claim Form and Class Notice attached to the Motion as Exhibits C-3 to C-6 are hereby approved. Non-material modifications to these Exhibits may be made with approval by the Parties but without further order of the Court.

13. **<u>Findings Concerning Notice</u>**. The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Motion and its Exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

14.     The Settlement Administrator and the Parties are directed to carry out the Notice Plan in conformance with the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires.

15.     **<u>Exclusion from the Settlement Class</u>**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written request for exclusion to the Settlement Administrator at the address and in the manner and within the time provided in the Notice. Such requests for exclusion must meet the Opt-Out Deadline established by this Order and stated in the Notice. Any member of the Settlement Class who does not properly and timely opt-out of the Settlement shall, upon entry of the Final Approval Order and Judgment, be bound by all the terms and provisions of the Settlement Agreement, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

16.     A request for exclusion must be in writing and: (i) state the name of this proceeding (*Angus et al. v. Flagstar Bank, N.A.*, or similar identifying words such as "Flagstar Data Breach Lawsuit"); (ii) state the name and address of the Settlement Class Member seeking exclusion; (iii) be personally signed by the Settlement Class Member; (iv) state "Request for Exclusion" or other words clearly indicating the person's intent to be excluded from the Settlement Class; and (v) request exclusion only for that one Settlement Class Member whose personal signature appears on the

request.

17.     A request for exclusion that does not include the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked by the Opt-Out Deadline shall be invalid and the Settlement Class Member serving such a request shall, if the Final Approval Order and Judgment is entered, be considered a Settlement Class Member and shall be bound by any judgment entered herein with respect to the Settlement Class.

18.     Within seven (7) days of the Opt-Out Deadline, the Settlement Administrator shall furnish to counsel for the Parties a complete list of all timely and valid requests for exclusion.

19.     If the Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment. Settlement Class Members who submit valid and timely requests for exclusion shall not be entitled to receive any benefits from the Settlement.

20.     Upon entry of the Final Approval Order and Judgment, all Settlement Class Members who have not personally, validly, and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against the

Released Parties under the Settlement Agreement with respect to the Released Claims.

21. **<u>Objections to the Settlement</u>**. Any Settlement Class Member who does not elect to be excluded from the Settlement Class may object to the Settlement, Class Counsel's request for Attorneys' Fees and Expenses, and/or the request for Service Awards; provided, however, that no Settlement Class Member shall be heard or entitled to contest such matters, unless the objection is: (a) electronically filed by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, at the address listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice. For the objection to be considered by the Court, the objection must be in writing and include:

(i) the case name and number of the Action;

(ii) the name, address, telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

(iii) A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(iv) A statement of the specific grounds for the objection; and

(v) A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

22. In addition to the foregoing requirements, if an objecting Settlement Class Member is represented by counsel and such counsel intends to speak at the Final Approval Hearing, the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final

9

Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

23.     Any Settlement Class Member who fails to comply with the provisions in this Order and/or fails to timely file and serve an objection in writing in accordance with this Order and the Settlement Agreement will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment if entered.

24.     The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the Litigation, including the right to take the objector's deposition.  Such discovery will be conducted on an expedited basis, and the objecting Settlement Class Member is required to respond to any written discovery within fourteen (14) days and must appear for deposition within fourteen (14) days after a deposition is noticed.  Failure by an objector to make themselves available for a deposition or comply with expedited discovery requests may result in the Court striking and/or overruling the objection.  The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made

for an improper purpose.

25.     **Claims Process**. The Settlement Agreement contemplates the establishment of a claims process. As set forth in the Settlement Agreement, Flagstar shall fund a non-reversionary cash Settlement Fund in the amount of $31,500,000 for the benefit of Settlement Class Members. The Settlement Fund will be used to pay for: (i) Notice Costs; (ii) Administrative Costs; (iii) Service Awards approved by the Court; (iv) Attorneys' Fees and Expenses approved by the Court; and (v) Settlement benefits for the Settlement Class as provided for in the Consumer Settlement Benefits Plan. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

26.     The Settlement Administrator will be responsible for effectuating the claims process.

27.     Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a Claim Form in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the

11

provisions in the Final Approval Order and Judgment, including the Release.

28. **Termination of Settlement**. This Order, the Settlement Agreement, the proposed Settlement, and all related proceedings shall become null and void, shall have no further force or effect, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Settlement Agreement was signed, if: (i) the Settlement is not finally approved by the Court; (ii) The Settlement or the Final Approval Order and Judgment is not upheld on appeal; (iii) the Settlement Agreement and the proposed Settlement are terminated in accordance with the applicable provisions of the Settlement Agreement; or (iv) there is no Effective Date. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever, including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are or ever were satisfied for purposes of this litigation.

29. **Use of Order**. This Order shall be of no force or effect if the Final Approval Order and Judgment is not entered or there is no Effective Date; shall not be construed or used as an admission, concession, or declaration by or against Flagstar of any fault, wrongdoing, breach, or liability; shall not be construed or used

12

as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable; and shall not constitute a waiver by any party of any defense or claims it may have in this litigation or in any other lawsuit.

30.     **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the settlement website maintained by the Settlement Administrator.

31.     **Schedule and Deadlines**. The Settlement Agreement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to the following:

| EVENT | TIMING |
| --- | --- |
| Deadline for Flagstar to provide Settlement Class List to Settlement Administrator | April 13, 2026 |
| Notice Date | May 13, 2026 |
| Motion for Attorneys' Fees, Expenses, and Service Awards Due | June 8, 2026 |
| Objection Deadline | June 29, 2026 |
| Exclusion / Opt-Out Deadline | June 29, 2026 |

| Deadline to Submit Claims | August 11, 2026 |
|---|---|
| Final Approval Brief and Response to Objections Due | September 17, 2026 |
| Final Approval Hearing | October 1, 2026, at 9: 30 a.m. via Zoom videoconference |

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 12, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 12, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

14