**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PHILIP ANGUS, et al.,

Plaintiffs,

Case No.: 2:21-cv-10657
Hon. Matthew F. Leitman

vs.

FLAGSTAR BANK, N.A., f/k/a FLAGSTAR BANK, FSB, a Michigan-based federally chartered stock savings bank,

Defendant.

---

# FINAL APPROVAL ORDER AND JUDGMENT

Before the Court are Plaintiffs' Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class (the "Final Approval Motion") (ECF No. 134), and Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (the "Fee Motion") (ECF No. 131).

The Parties entered into a Settlement Agreement and Release dated October 1, 2025. ECF No. 113-1. Pursuant to the notice requirements set forth in the Settlement Agreement[1] and in the Court's March 12, 2026 Order Granting Plaintiffs'

---

[1] This Final Approval Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement unless otherwise set forth in this Order.

Unopposed Motion for Preliminary Approval of Class Action Settlement and To Direct Notice of Proposed Settlement to the Class (ECF No. 124) ("Preliminary Approval Order"), the Settlement Class was notified of the terms of the proposed Settlement, of the right of Settlement Class Members to opt-out or object, and of the right of Settlement Class Members to be heard at a Final Approval Hearing to determine whether the terms of the Settlement are fair, reasonable, and adequate and whether judgment should be entered dismissing this action with prejudice.

On June 8, 2026, Plaintiffs filed the Fee Motion, and on September 17, 2026, Plaintiffs filed the Final Approval Motion. A Final Approval Hearing was held on October 1, 2026. Counsel for the Parties appeared through Zoom conference and presented argument in support of final approval of the Settlement. No objectors appeared.

Having considered the arguments presented by the Parties and the objectors, having reviewed all of the submissions presented with respect to the proposed Settlement, having considered the Fee Motion and the materials in support thereof, and having fully considered the issues, for the reasons set out in the motions and stated on the record during the Final Approval Hearing held on October 1, 2026, the Court hereby GRANTS the Final Approval Motion and the Fee Motion and ORDERS as follows:

1. ***Jurisdiction***. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

2. ***The Settlement is Fair, Reasonable, and Adequate***. The Court finally approves the Settlement, including the exhibits attached thereto, as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure and the factors applied in the Sixth Circuit. The Court previously found that the Settlement would likely satisfy those standards. ECF No. 124, PageID.2656. The post-approval record confirms these findings. The Court finds that the Settlement was entered into by the Parties for the purpose of settling and compromising disputed claims, and is fair, reasonable, and adequate, and in the best interests of all those affected by it. The Settlement Agreement was entered in good faith following informed, arm's-length negotiations conducted by experienced counsel with the assistance of a well-respected mediator, former United States District Judge Gerald E. Rosen, and is non-collusive. As was more fully explained on the record at the Final Approval hearing, the relief provided by the Settlement is more than adequate when compared to similar data breach settlements. The Settlement also meets the factors identified by the Sixth Circuit, in that there was no fraud or collusion; the case was complex, sufficient discovery was taken, the case involved a considerable amount of risk, Class Counsel and the class representatives support the Settlement,

the reaction of the absent class members has been overwhelmingly positive, and final approval serves the public interest.

3. ***Final Certification of the Settlement Class***. For settlement purposes only, the Court finally certifies under Rules 23(a) and 23(b)(3) the Settlement Class defined in the Agreement and Preliminary Approval Order as:

> Settlement Class: All persons in the United States whose personally identifying information ("PII") was impacted by either or both of the two Data Breaches Flagstar experienced in 2021, as reflected in the Class List.

4. This Settlement Class includes (i) a Nationwide Settlement Class, representing approximately 2,186,156 individuals impacted by the Data Breaches and (ii) a California Settlement Class, representing approximately 364,000 California Settlement Class members.[2] The Court finds and determines that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the proposed Settlement Class Representatives fairly

---

[2] Excluded from the Settlement Class are: (i) Flagstar, any entity in which Flagstar has a controlling interest, and Flagstar's officers, directors, legal representatives, Successors, Subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement Class.

and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

5. ***Findings Concerning Notice***. The Court finds and determines that the Notice Plan, preliminarily approved on March 12, 2026, and implemented as of May 2026, constituted the best practicable notice to the Settlement Class under the circumstances; constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices; and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Notice Plan involved direct notice via mail, email, and the Settlement Website providing details of the Settlement, including the benefits available, how to exclude or object to the Settlement, when the Final Approval Hearing would be held, and how to inquire further about details of the Settlement. The Court further finds that the Notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members. The Court further finds that notice

has been provided to the appropriate state and federal officials in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, drawing no objections.

6. ***Appointment of Settlement Class Representatives***. The Court affirms its appointment of Plaintiffs as Settlement Class Representatives pursuant to Federal Rule of Civil Procedure 23(a).

7. ***Appointment of Class Counsel***. The Court affirms its appointment of John A. Yanchunis of Morgan & Morgan Complex Litigation Group and Norman E. Siegel of Stueve Siegel Hanson LLP as Class Counsel for settlement purposes pursuant to Rule 23(g)(1). The Court finds that Class Counsel are competent, experienced, well-qualified, and have provided exemplary representation to the Settlement Class.

8. ***Excluded from the Settlement Class***. Any person falling within the definition of the Settlement Class had the opportunity, upon request, to be excluded or "opt out" from the Class. The 48 persons identified on Exhibit E to the Settlement Administrator's Declaration in support of the Final Approval Motion (ECF No. 134-2, PageID.2852) who opted to be excluded from the Settlement are excluded from the Settlement Class, shall have no rights under the Settlement, shall not share in the distribution of the Settlement benefits, and shall not be bound by the Settlement or any final judgment entered in this Action.

9. ***Objections and Appearances***. Any Settlement Class Member had the opportunity to enter an appearance in the Action, individually or through counsel of their own choice. Any Settlement Class Member also had the opportunity to object to the Settlement and the attorneys' fees and expenses award and to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate for the Settlement Class, why a final judgment should not be entered thereon, why the Settlement should not be approved, or why the attorneys' fees and expenses award should not be granted, as set forth in the Court's Preliminary Approval Order. There were four objections filed in this case, (ECF Nos. 125, 126, 127, 132). The Court has considered the objections to the Settlement submitted by Gregory Scott, Jason Walker, James Shahan, and Michael McCarthy and concludes such objections are without merit and overruled. As more fully stated on the record at the Final Approval Hearing, the Court finds as follows:

a. First, Mr. Scott's Objection (ECF No. 125) primarily concerns his dislike of the Morgan & Morgan law firm. Mr. Scott does not, however, challenge any conduct by Class Counsel in this case, substantiate his personal objection with facts or law, or otherwise dispute the fairness, adequacy, or reasonableness of the relief provided to Settlement Class Members. So far as the Court has observed over the course of this case, Morgan & Morgan's handling of this matter has been exemplary.

b. Next, Mr. Walker's objection, (ECF No. 126), concedes that a settlement "in this range" is "the norm," but Mr. Walker contends that the Settlement is part of a "broader systemic failure" of data breach settlements to "function as deterrents[.]" (ECF No. 126, PageID.2670.) As Mr. Walker notes, the Settlement here is well within the range of other data breach settlements, and, indeed, exceeds many of them on a per person basis. Moreover, Mr. Walker fails to sufficiently account for the risks faced by the Settlement Class, which the Settlement obviates.

c. Third, Mr. Shahan's objection (ECF No. 127) argues that the Settlement does not provide sufficient compensation for the alleged long-term risks associated with the exposure of financial information and that class members face difficulties documenting losses years after the breaches. These concerns appear to be highly individualized to Mr. Shahan and not representative of those faced by the vast majority of class members. Thus, his more proper course would be to opt-out of the Settlement and retain his individual right to pursue those claims, a course he chose not to pursue.

d. Finally, Mr. McCarthy's objection (ECF No. 132), concerns his desire for the Credit Monitoring services provided by the Settlement to include "identity restoration protection" that "help restore identity or future damage or litigation amounts of one million U.S. dollars protection." (ECF No. 132, PageID.2750.) However, the Settlement's Credit Monitoring services do just that,

and will include three bureau credit monitoring and $1 million in identity theft insurance protections.

e. Accordingly, each of the objections is **OVERRULED**. Several of the objections also raise issues concerning the requested attorneys' fees. The Court has also considered those matters, and addresses them more fully below and on the record at the Final Approval Hearing, but the objections are also **OVERRULED** as to the arguments raised concerning the requested attorneys' fees. Any Settlement Class Member who did not make their objections in the manner and by the date set forth in the Court's Preliminary Approval Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

10. ***Release***. Upon the entry of this Order, and as of the Effective Date, any Settlement Class Member who has not submitted a timely, valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment. Settlement Class Members who submit valid and timely requests for exclusion shall not be entitled to receive any benefits from the Settlement. Further, all Settlement Class Members who have not personally, validly, and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against the Released Parties under the Settlement

Agreement with respect to the Released Claims.

11. ***Attorneys' Fees and Expenses***. The Court GRANTS the Fee Motion as to Attorneys' Fees and Expenses. Rule 23(h) permits the Court to award reasonable attorneys' fees and nontaxable costs authorized by law or the parties' agreement. In this common-fund case, the Court adopts the percentage of the fund method of calculating attorneys' fees, and has done so because it more accurately accounts for the results achieved in this matter. *See Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016) (explaining "the percentage of the fund method more accurately reflects the results achieved.") (citing *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)). The Court finds that the lodestar method would require a significant expenditure of judicial resources that would not be worthwhile given the record in this case and the results achieved. The reasonableness of the award is evaluated by considering the factors set out in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974). Considering the relevant factors, and as stated more fully on the record, the Court finds that Class Counsel's request for attorneys' fees and costs is fair and reasonable, particularly in light of the results achieved through the Action as well as the contingent nature of the fee award. The result here is superior on a per person basis than many comparable data breach settlements. This case was extremely hard fought over many years, and thus any potential incentive provided by the percentage method in settling early or

for a less substantial amount is not at issue here. Similarly, in light of the significant results achieved, and the Court's intimate familiarity with the record here, the Court has exercised its discretion not to seek a lodestar cross-check. The Court has considered the other Sixth Circuit factors in determining attorneys' fees as well. The Court finds that Class Counsel expended significant time and money in litigating this case over the course of many years, and they have done so on a purely contingent basis. Data breach cases generally, and this one specifically, are highly complex and are not amenable to counsel who only dabble in such work. Here, Class Counsel have provided very high-quality advocacy. The requested one-third of the Settlement Fund is mainstream, and sits in the heartland of fee awards for these kinds of cases. Finally, society's stake in compensating class counsel is well served by this award in that, "lawsuits such as this provide a strong deterrent against lax data security practices. Accordingly, society has a significant interest in rewarding attorneys who prosecute these cases." *In re CorrectCare Data Breach Litig.*, No. CV 5:22-319-DCR, 2024 WL 4211480, at *4 (E.D. Ky. Sept. 17, 2024). Accordingly, Class Counsel are awarded attorneys' fees in the amount of $10,500,000 and $311,690.80 in litigation costs, which the Court also finds to be fair and reasonable for the reasons stated on the record. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

12. ***Service Awards***. The Court GRANTS the Fee Motion as to Service Awards. Plaintiffs requested Service Awards of $2,500.00 for each of the Settlement Class Representatives. The Court finds this request to be fair and reasonable, particularly in light of the results obtained for the Settlement Class as a direct result of Settlement Class Representatives' willingness to act as class representatives and assist Class Counsel in this litigation. Accordingly, Settlement Class Representatives are awarded Service Awards in the amount of $2,500.00. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

13. ***Payments from the Settlement Fund***. The Settlement Administrator shall make all required payments from the Settlement Fund in accordance with the amounts and the times set forth in the Settlement Agreement, including all payments: (1) to Settlement Class Members who submitted an approved Claim; (2) for Credit Monitoring services; (3) for Attorneys' Fees and Costs as approved herein; (4) for Service Awards as approved herein, and (5) for all Notice and Administrative Costs.

14. ***Funds Held by Settlement Administrator***. All funds held by the Settlement Administrator shall be deemed and considered to be in custodia legis of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court. If any funds remain in the Settlement Fund after payment of all amounts called for by the Settlement, such funds will be used to purchase an extension of the Credit

Monitoring services for those who submitted an approved Claim for that relief, and, in the event the amount remaining is insufficient to purchase any additional Credit Monitoring term, such funds will be disbursed to a *cy pres* recipient to be agreed upon by the Parties and approved by the Court or, if they cannot agree, selected by the Court.

15. ***Dismissed with Prejudice***. The above-captioned Action is hereby **DISMISSED WITH PREJUDICE**. Except as otherwise provided in this Final Approval Order, the Parties shall bear their own costs and attorneys' fees.

16. ***Retention of Jurisdiction***. Without affecting the finality of this Final Approval Order in any way, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

17. Plaintiffs' Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class (ECF No. 134) and Motion for Attorneys' Fees, Expenses, and Service Awards (ECF No. 131) are **GRANTED**.

18. The Clerk is directed to **CLOSE THIS CASE** and **TERMINATE** and pending motions as **MOOT**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 5, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 5, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126